UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------x
In re:                                                      :
                                                            :    Chapter 11
ESPRESSO MANAGEMENT                                         :
HOLDING, INC., <u>et. al.</u>,                              :    Case No.:  16-12413
                                                            :
                                 Debtors.[1]                :    (Jointly Administered)
                                                            :
---------------------------------------------------------------x

## DECLARATION OF SHLOMO LEVI
## PURSUANT TO LOCAL RULE 1007-2

Shlomo Levi, declares pursuant to 28 U.S.C. § 1746, as follows:

1. I am the Authorized Representative of Espresso Management Holding, Inc., AF-1, LLC, AF-22, LLC, Espresso Stores Inc., F-6 Chelsea Inc. (collectively, the "Debtors"), and submit this affidavit pursuant to Rule 1007-2 of the local rules of this Court (the "Local Rules").

2. The Debtors filed voluntary Chapter 11 petitions with the Clerk of this Court on August 22, 2016. There are no other or prior bankruptcy cases filed by or against the Debtors. There has not been a committee of unsecured creditors organized prior to the order for relief in the Debtors' Chapter 11 cases.

3. A copy of the Debtors' board resolutions authorizing the Chapter 11 filings is attached to each petition and incorporated by reference herein. Unless otherwise indicated, all financial information contained herein is presented on an estimated and unaudited basis.

## NATURE OF DEBTOR'S BUSINESS AND CIRCUMSTANCES
## LEADING TO FILING OF CHAPTER 11 PETITIONS

4. The Debtors, at one time, in their capacities as purported franchisees, operated various espresso locations in Manhattan pursuant to separate franchise agreements with Gruppo

---

[1] The Debtors are Espresso Management Holding, Inc., AF-1, LLC, AF-22, LLC, Inc., Espresso Stores Inc., and F-6 Chelsea Inc.

{Client/000999/AD101/01174848.DOC;1 }

Industriale Filicori-Zecchini S.P.A. and Filicori Zecchini USA Corp (the "Franchisors"). Earlier this year, the Franchisors commenced an arbitration proceeding, ICDR Case No. 01-16-0001-3333 (the "Arbitration Proceeding") against the Debtors and certain non-debtors, alleging that the Debtors breached their franchise agreements. Additionally, the Franchisors claimed that the Debtors rescinded the franchise agreements effective May 2, 2016 and began operating the coffee stores in breach of non-competition provisions set forth in each of the franchise agreements. None of the Debtors (each of whom are franchisees) are tenants under unexpired leases at the store locations.

5. On May 25, 2016, the Arbitrator in the Arbitration Proceeding issued an interim award as follows:

(i) There is no jurisdiction in this emergency proceeding over Gullett LLC, Espresso Dream MGMT, LLC, Espresso Dreams Management, LLC, Espresso Dreams LLC, Espresso Dream LLC, AF-1, LLC, AF-22, LLC, and Sholmi Levi.

(ii) There is jurisdiction in this emregncy proceeding over Respondents 601 Lex Filicori, LLC, Espresso Management Holding, Inc., Espresso Stores, Inc., and F-6 Chelsea, Inc.

(iii) 601 Lex Filicori, LLC, Espresso Management Holding Inc., Espresso Stores, Inc. and F-6 Chelsea, Inc. are enjoined from either directly or indirectly, fr themselves, or on behalf of or in conjunction with nay other person, persons, partnership or corporation, owning, maintaining, engaging in or participating in the operation of a business similar to or in competition with Claimants' businesses or within 30 miles of the currently-existing franchise stores in Manhattan, New York; and

(iv) The costs associated with the application for emergency relief, including Claimant's counsel's fees and costs, the arbitrator's fees and costs, and the administrative fees of the AAA/ICDR, shall be initially apportioned entirely to Respondents. Respondents shall bear their own counsel's fees and costs.

(v) Any and all other requests for emergency relief are denied.

6. A non-debtor entity named Espresso Dream LLC (the "Sub-Landlord") is the tenant for the five store locations in which there are currently operations. The Sub-Landlord, in

turn, previously sublet the five store premises to the Debtors. However, a short time after the Arbitrator's decision, the Debtors reached an agreement with the Sub-Landlord that would allow the stores to continue to be operated by non-affiliated third parties (the "Non-Debtor Operating Entities), who, in turn, pay the Sub-Landlord rent and a certain percentage of profits from store operations. The Sub-Landlord has agreed to pay certain of the foregoing monies to the Debtors in order to allow the Debtors to cover a majority of the Debtors' unpaid obligations. Thus, while the Debtors are not currently operating the five stores, they do have rights to receivables from the Sub-Landlord which would allow them to pay their creditors.

7. Subsequent to the Arbitration proceeding, the Franchisors commenced an action in the Supreme Court of the City of New York in the County of New York, Commercial Division (the "State Court Action"), principally to confirm the Arbitration Decision. On July 11, 2016, the State Court entered a judgment which prohibited Debtors, Espresso Management Holding Inc., Espresso Stores, Inc. and F-6 Chelsea Inc., from operating three stores located at 2541 Broadway, One Broadway, and 201 West 21st Street. In addition, on the same day, the State Court entered a Preliminary Injunction in Aid of Arbitration with respect to the foregoing three stores, in addition to the other two stores that had, at one time, been operated by two other Debtors AF-1 LLC and AF-22 LLC, respectively: 42 East 46th Street and 8 W. 46th Street.[2]

8. On August 15, 2016, the State Court issued a Warrant for Closing to Enforce Injunction (the "Warrant"), which upon execution and service by the Sheriff would effectively shut down the operations of the five coffee shops and effectively deprive the Debtors of receivables that they would otherwise be due from the Sub-Landlord to cover the Debtors'

---

[2] There was yet another store located at 601 Lexington Avenue that was subject to the preliminary injunction. However, this store was once operated by an affiliated non-debtor but there are no current operations at such location.

{Client/000999/AD101/01174848.DOC;1 }    3

liabilities. The State Court has scheduled a hearing on August 23, 2016 in connection with the Sub-Landlord's request to intervene and further stay the Warrant.

9. Due to the foregoing circumstances, the Debtors have determined to file for Chapter 11 relief for a breathing spell in order to stay the execution of the Warrant and thereby preserve their assets for the benefit of the Debtors' creditors and constituents. Further, the Debtors believe that they have significant claims against the Franchisors resulting from the Franchisors' actions, which will be pursued in the near future in an appropriate court.

10. The Debtors do not have any publicly held shares, debentures, or other securities.

11. There is no property of the Debtors in the possession or custody of any public officer, receiver, trustee, pledge, assignee of rents, liquidators, secured creditors, or agents of such person.

12. Because the Debtors are no longer operating the stores, the Debtors do not have payroll obligations at the present time.

13. Under the aegis of this Court, the Debtors believe that they will be able to reorganize or otherwise maximize the recovery to creditors through this bankruptcy process. Because of the emergent nature of the relief requested, I intend on supplementing this affidavit as soon as practicable to provide additional information to the Court.

Under 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Executed this 22nd day of August, 2016

By: _____
Shlomo Levi
Authorized Representative